United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 04-60926
Summary Calendar

———————

TETYANA MYKOLAYIVNA TSIRKOUNOVA; OLEG VALENTYNOVICH TSIRKOUNOV,

        Petitioners,

v.

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 223 454
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

      Tetyana Mykolayivna Tsirkounova and Oleg Valentynovich Tsirkounov (the petitioners) are

natives and citizens of Ukraine. The petitioners seek review of a Board of Immigration Appeals'

(BIA) order denying their applications for asylum, withholding of removal, and relief under the United

Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or

Punishment (CAT).

---

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the BIA summarily affirmed and adopted the immigration judge's (IJ) opinion, we review the IJ's factual findings and legal conclusions.[2] The IJ's legal conclusions are reviewed *de novo*.[3] The IJ's factual findings will be upheld if supported by substantial evidence.[4] Substantial evidence is lacking only if the evidence is "'so compelling that no reasonable factfinder could fail to find' the petitioner statutorily eligible for relief."[5]

To establish eligibility for asylum, an alien must demonstrate past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.[6] When seeking asylum based on political opinion, the alien must show that "her persecutors were motivated, at least in part, by a political opinion held by her or imputed to her."[7] Whether the persecutors were motivated by the alien's political opinion is a question of fact, subject to the substantial evidence standard of review.[8]

The petitioners based their applications for asylum on the political opinion and activities of Ms. Tsirkounova, but the petitioners failed to establish the requisite link between her political opinion and the persecution. First, although Ms. Tsirkounova was told to stop teaching politics in her first

---

[2]*Eduard v. Ashcroft*, 379 F.3d 182, 186 (5th Cir. 2004).

[3]*Mikhael v. INS*, 115 F.3d 299, 305 (5th Cir. 1997).

[4]*Id.* at 304; *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

[5]*Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 484 (1992)).

[6]*Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).

[7]*Thuri v. Ashcroft*, 380 F.3d 788, 792 (5th Cir. 2004).

[8]*Id.* at 791.

aid classes or she would lose her job, this treatment of Ms. Tsirkounova did not constitute persecution.[9] As the IJ pointed out, in many civilized countries, teaching one's personal political views in public school would probably lead to the loss of one's job.[10]

Second, although Ms. Tsirkounova suffered much abuse while at a police station, the record lacks sufficient evidence that her persecut ors were motivated in any part by her political opinion. Ms. Tsirkounova was arrested after a civilian accused her of involvement in a burglary. Even if the civilian accuser was motivated by Ms. Tsirkounova's political opinion, as she suggests, there is no evidence that the policemen who abused Ms. Tsirkounova were aware of or motivated by her political opinion. The policemen never mentioned, inferred or insinuated they knew of Ms. Tsirkounova's political opinion or activities. Their questions related only to her whereabouts on the day of the burglary, and they attempted to force her to confess to the burglary. The t hreatening phone calls Ms. Tsirkounova received after she was released related solely to her treatment while in confinement. The callers never mentioned or referenced her political opinions or activities. Thus, substantial evidence supports the IJ's conclusion that Ms. Tsirkounova's persecutors were not motivated in any part by her political opinion.[11]

---

[9]*See Eduard v. Ashcroft*, 379 F.3d 182, 187 (5th Cir. 2004) (defining persecution as "'[t]he infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive (*e.g.*, race, religion, political opinion, etc.), *in a manner condemned by civilized governments. . . .*'" (quoting *Abdel-Masieh v. INS*, 73 F.3d 579, 583 (1996)) (internal quotation marks and citation omitted)) (emphasis added).

[10]*See id.*

[11]*Cf. Thuri*, 380 F.3d at 793 (concluding reasonable factfinders would not have been compelled, based on the evidence in the record, to conclude that the persecutors were motivated in any part by the alien's political opinion); *Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 352 (5th Cir.

3

With regard to future persecution, the IJ's determination against a well-founded fear of future persecution is supported by substantial evidence. As noted above, Ms. Tsirkounova failed to establish a link between the feared persecution and her political opinion. In addition, in February of 2000 the police officially informed Ms. Tsirkounova that she was no longer a burglary suspect. Accordingly, substantial evidence supports the IJ's denial of the petitioners' applications for asylum.

The level of proof required for withholding of deportation is more stringent than for asylum.[12] Because the petitioners have failed to establish their eligibility for asylum, they necessarily cannot succeed on their applications for withholding of removal.[13] In addition, although CAT regulations do not require a connection between torture and political opinion,[14] the applicant must still show that "'more likely than not . . . she would be tortured if removed'" to Ukraine.[15] The petitioners have failed to make the required showing. For these reasons, the petition for review is DENIED.

---

2002) (same).

[12]*Mikhael v. INS*, 115 F.3d 299, 306 (5th Cir. 1997).

[13]*See Thuri*, 380 F.3d at 793.

[14]*Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002); *see also* 8 C.F.R. § 208.18(a)(1).

[15]*Efe*, 293 F.3d at 907 (quoting 8 C.F.R. § 208.16(c)(2)).